# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT
# NO. 20-30382

**STEPHEN DOUGLASS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHINGO ALEXANDER DOUGLASS; DORA HERNANDEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NOE HERNANDEZ, LAN HUYNH, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NGOC TRUONG HUYNH; DARROLD MARTIN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF XAVIER ALEC MARTIN; ERIN REHM, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GARY LEO REHM, JR., LLOYD WAYNE RIGSBY, JR., INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAKOTA KYLE RIGSBY; CARMEN SIBAYAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CARLOS VICTOR GANZON SIBAYAN**

                                              **Plaintiffs-Appellants**

v.

**NIPPON YUSEN KABUSHIKI KAISHA**

                                              **Defendant-Appellee**

---

# CONSOLIDATED WITH
# NO. 20-30379

**JHON ALCIDE; RICHARD ALLEN-EASMON; DUSTIN ANGLE; JESUS ARGUELLO; VALERIE ARGUELLO, ET AL.**

                                              **Plaintiffs-Appellant**

v.

**NIPPON YUSEN KABUSHIKI KAISHA**

                                              **Defendant-Appellee**

---

# ON APPEAL FROM THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF LOUISIANA
# NOS. 19-13688 & 19-13691, HON. LANCE M. AFRICK

**DEFENDANT-APPELLEE'S OPPOSITION TO
MOTION OF VICTIMS OF CUBAN CONFISCATION
FOR LEAVE TO FILE AMICUS CURIAE BRIEF
IN SUPPORT OF REHEARING EN BANC**

Respectfully submitted,

Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA  70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574

Thomas M. Canevari (*pro hac vice*)
Eric J. Matheson (*pro hac vice*)
Cody D. King (*pro hac vice*)
FREEHILL, HOGAN & MAHAR LLP
80 Pine Street
New York, NY   10005-1759
Telephone: (212) 381-3017

*Attorneys for Nippon Yusen Kabushiki Kaisha*

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

LAW AND ARGUMENT ............................................................................................. 2

   I. Amici's motion demonstrates that they fail to meet the requirements of Federal Rule of Appellate Procedure 29 and would not aid the Court. ........... 2

      a. Plaintiffs-Appellants are well represented. .................................................. 3

      b. Amici lack sufficient interest in the case. .................................................... 4

      c. Amici offer neither unique information nor perspective to the Court. ......... 5

   II. Amici's advocated position is inappropriate for consideration. ....................... 7

CONCLUSION .............................................................................................................. 9

PRAYER FOR RELIEF .............................................................................................. 10

CERTIFICATE OF SERVICE .................................................................................... 11

CERTIFICATE OF COMPLIANCE .......................................................................... 13

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Am. Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983) ..................................................................................................6

*De Fernandez v. Maersk*, Case No. 21-00339 (E.D. La. Feb 17, 2021) ...................4

*Garcia-Melendez v. Ashcroft*, 351 F.3d 657 (5th Cir. 2003) .....................................8

*Halo Wireless, Inc. v. Alenco Communs. Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581 (5th Cir. 2012) ...................................................................................................3

*Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375 (5th Cir. 2008) ................................8

*Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128 (3d Cir. 2002) ..............4

*Patterson v. Aker Sols. Inc.*, 826 F.3d 231 (5th Cir. 2016) .................................7, 8

*Ryan v. CFTC*, 125 F.3d 1062 (7th Cir. 1997) .........................................................3

*United States v. Barnett*, 330 F.2d 369 (5th Cir. 1963) ............................................9

*Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003) ......................5

**Statutes**

22 U.S.C. § 6021 ................................................................................... 5, 7, 8, 9

**Rules**

Fed. R. App. P. 29 .................................................................................. 1, 2, 10

Fed. R. Civ. P. 4 ...................................................................................................4, 7

**Treatises**

21 Moore's Federal Practice - Civil § 329.12 (2020) .................................................6

3 C.J.S. Amicus Curiae § 3 .......................................................................................9

**NOW INTO COURT,** through undersigned counsel, comes Defendant-Appellee, Nippon Yusen Kabushiki Kaisha ("NYK Line"), to oppose the Motion for Leave to File Amici Curiae Brief in Support of Rehearing En Banc filed by Odette Blanco De Fernandez, née Blanco Rosell; Emma Ruth Blanco, in her personal capacity, and as personal representative of the Estate of Alfredo Blanco Rosell, Jr; Hebe Blanco Miyares, in her personal capacity, and as personal representative of the Estate of Byron Blanco Rosell; Sergio Blanco De La Torre, in his personal capacity, and as administrator ad litem of the Estate of Enrique Blanco Rosell; Eduardo Blanco De La Torre, as administrator ad litem of the Estate of Florentino Blanco Rosell; Liana Maria Blanco; Susannah Valentina Blanco; Lydia Blanco Bonafonte; Jacqueline M. Delgado; Byron Diaz Blanco, Jr.; Magdelena Blanco Montoto; Florentino Blanco De La Torre; Joseph E. Bushman; Carlos Blanco De La Torre; and Guillermo Blanco De La Torres (collectively, "Amici"), purportedly victims of the Castro regime whose property was confiscated by the Cuban government.

NYK Line opposes this Motion for Leave to File Amici Curiae Brief on the grounds that the proposed Amici do not meet the requirements of Fed. R. App. P. 29, and the proposed amicus brief would result in an impermissible advisory opinion. Further, Amici's advocated solution would require this Court to make a significant departure from its own precedent, overrule recently decided cases,

disregard long-standing jurisprudential distinctions, and, most significantly, ignore the Supreme Court decisions on point. For the reasons set forth herein, Defendant-Appellee NYK Line respectfully requests that Amici's motion be denied.

## LAW AND ARGUMENT

**I.　Amici's motion demonstrates that they fail to meet the requirements of Federal Rule of Appellate Procedure 29 and would not aid the Court.**

The amicus brief serves no useful purpose in assisting the Court. Far from being a "friend of the Court," it is apparent that Amici is requesting a purely advisory opinion from this Court *en banc* in an effort to bypass both the district court and a Fifth Circuit three-judge panel's initial review of the particular statutory issues *in an entirely unrelated case* — issues that are not ripe for adjudication in the unrelated case and issues that simply are not present in the instant case.

In construing the allowance of Amici under Fed. R. App. P. 29, this Court has held the following:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Halo Wireless, Inc. v. Alenco Communs. Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). As the *Ryan* court itself observed:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party. We are beyond the original meaning now; an adversary role of an amicus curiae has become accepted. But there are, or at least there should be, limits.

*Ryan*, 125 F.3d at 1063 (internal citations omitted).

    a. <u>*Plaintiffs-Appellants are well represented.*</u>

Here, Plaintiffs-Appellants are fully represented in their interests. Their legal team consists of six (6) lawyers, three (3) from Washington D.C., including special appellate counsel, two (2) from New Orleans, and one (1) who is the author of a treatise on maritime law. These attorneys have set forth clearly their clients' arguments, both below and to this Court, and in no way can it be said that their interests have been underrepresented. The Amici are simply expressing the same dissatisfaction with this Court's decision as the Plaintiffs-Appellants are in support of a hearing *en banc*. Thus, Amici status here cannot rest upon an assertion of inadequate representation.

### b. *Amici lack sufficient interest in the case.*

"Rule 29 requires that an amicus have an 'interest' in the case." *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128, 131 (3d Cir. 2002). Amici contend that because they have sued several foreign entities in the Eastern District of Louisiana using Federal Rule of Civil Procedure 4(k)(2) as a basis for personal jurisdiction, they "have an interest in ensuring that this Court properly interprets and applies that rule." However, mere concern that this Court properly performs its job does not fit within the plain language of the Rule requiring an interest.

The Court is asked to grant amici status to persons or entities who *might* — theoretically, someday — be affected by the outcome of this case. As it is, the Eastern District of Louisiana case filed by Amici, *De Fernandez v. Maersk*, Case No. 21-00339 (E.D. La. Feb 17, 2021), does not involve personal injuries incurred in the territorial waters of a foreign nation, but property purportedly confiscated by the Cuban government. And no Motion to Dismiss for Lack of Personal Jurisdiction or similar challenge to the court's jurisdiction has yet been made. *See* Docket for Case No. 21-00339, attached. What Amici clearly are doing here is seeking an impermissible preemptive advisory opinion that does not relate to the established facts of this case or even to the procedural posture of Amici's own case. And notably, Amici's position that the *potential* application of a particular Federal Rule of Civil Procedure to their case is enough to constitute an "interest" in an entirely unrelated

4

case would open the proverbial courthouse doors to a flood of impermissible "friend of a party" briefs in the future. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 546 (7th Cir. 2003) ("But that argument would imply that *any* state legislator should have a right to file an amicus curiae brief when the constitutionality of state legislation is challenged--an extreme position that could invite a blizzard of briefs."). Simply put, the dispositive legal issue before the Court pertains to the due process afforded to NYK Line in the underlying litigation, *not* the theoretical effect of a Federal Rule's application to the rights of alleged victims of the Castro regime whose property was purportedly confiscated by the Cuban government.

Amici primarily supplement and reiterate Plaintiffs-Appellants' arguments. But Plaintiffs-Appellants have already made their arguments. To the extent that Amici's brief makes different arguments specific to their litigation and advances a policy-based rationale not presented to the District Court or in Plaintiffs-Appellants' brief, it is entirely inappropriate.

  c. <u>Amici offer neither unique information nor perspective to the Court.</u>

The Amici here have not demonstrated that they have any unique perspective beyond the fact that their claims in the district court are purportedly related to the Cuban Liberty and Democratic Solidarity Act (also known as the Helms-Burton Act), 22 U.S.C. § 6021, *et seq.* — a statutory creation that has no application or relevance here. As it stands, this case calls for no more than the Court's application

of its own controlling precedent, and this Court does not need the assistance of Amici to perform that function. Amici has not asserted any particularized knowledge of the procedural rules, due process rights, or other issues raised by Plaintiffs-Appellants or discussed in this Court's opinion.

In *Am. Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983), the U.S. Court of Appeals for the Third Circuit denied amici's motion, holding:

> The law professors do not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and *give only their concern about the manner in which this court will interpret the law as the basis for their brief.* Since there is no indication that the parties to the law suit and those parties who have been granted leave to file a brief amicus curiae will not adequately present all relevant legal arguments, there is no persuasive reason to grant the motion…. [Emphasis added.]

Succinctly stated, "[a]dequate reasons must be advanced for leave to file brief." 21 Moore's Federal Practice - Civil § 329.12 (2020) (citing *Thornburgh*, 699 F.2d at 645). No such "adequate reasons" exist here.

The case before this Court, like the *Thornburgh* case before the Third Circuit, raises no issues that require an amicus brief. This Court decided all the relevant issues raised in this appeal relatively recently and rightfully declined to overrule its own prior cases and ignore both the text of the Federal Rules and the Supreme Court's decisions. Where, as here, Amici are offered only to extend the arguments

of well-represented parties, have no discernable interest or perspective to offer the Court, and merely present a policy alternative to controlling precedent, their request is frivolous and wasteful of the resources of the Court and the parties, has the potential to delay the proceeding, and renders them unnecessarily more complicated. Accordingly, the Amici's motion should be denied.

**II.     Amici's advocated position is inappropriate for consideration.**

The impropriety of Amici's motion for leave and accompanying brief notwithstanding, their substantive arguments nonetheless fail in this litigation. Here, this Court precisely followed its own five-year-old decision in *Patterson v. Aker Sols. Inc.*, 826 F.3d 231 (5th Cir. 2016), which set forth a controlling application of Fed. R. Civ. P. 4(k)(2) that aligns with sister circuits and the U.S. Supreme Court's decisions in this arena of personal jurisdiction. *Patterson* itself has been applied by the court below and by other district courts without issue, and that decision has never been criticized.

Yet Amici *now* – for their own supposed benefit – seek to inject a novel and unsupported policy argument into the meaning of a twenty-seven-year-old statute, Fed. R. Civ. P. 4(k)(2), and this Court's controlling case law:

> Congress passed the Helms-Burton Act in the exercise of its unique constitutional prerogative to set, in cooperation with the Executive, the Nation's foreign policy and to provide for its economic and political security. As the attached brief explains, these powers—which the Constitution reserves to the federal government alone—

7

> militate against encumbering the exercise of federal jurisdiction with the kind of territorial constraints on jurisdiction that apply to the far more limited sovereign authority of the several States.

Motion of Victims of Cuban Confiscation for Leave to File Amicus Curiae Brief, at pp. 2-3. The Helms-Burton Act was passed in 1992. *Id.* at p. 1. Thus, the Helms-Burton Act does not represent an "intervening change in the law" that would allow this Court to overturn the five-year-old controlling decision of this Court in *Patterson*. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Moreover, *Patterson* itself is in alignment with all the Circuit courts that have faced this issue and is consistent with Supreme Court precedent. Amici's request for this Court to alter its own precedent and create new federal law, severely curtailing a defendant's rights under the Fifth Amendment under purported policy considerations specific to the Helms-Burton Act, is an argument not raised below or in this Court by Plaintiffs-Appellants, and is entirely inappropriate:

> It is well-settled in this circuit that an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal. Under this principle, we have held that a constitutional issue raised only by amici need not be considered.

*Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 n.2 (5th Cir. 2003) (internal citations and quotation marks omitted). Accordingly, Amici's request to

8

expand the scope of appeal to consider a new constitutional issue should be denied.

It bears repeating that Amici are requesting the Court to issue an impermissible advisory opinion on a specific jurisdiction issue that has nothing to do with the case before the Court. The jurisdictional reach of the Helms-Burton Act — which, according to Amici, gives Americans a private right of action against anyone who profits or otherwise benefits from property confiscated by the Cuban government — was not before the District Court and was not before this Court. "In view of the rule that an amicus curiae must accept the case before the court with issues as made by the parties, a new question raised only in a brief filed by an amicus curiae, by leave of court, will not be considered.'" *United States v. Barnett*, 330 F.2d 369, 423 n.80. (5th Cir. 1963) (quoting 3 C.J.S. Amicus Curiae § 3, p. 1052). Given the foregoing precepts, Amici's request should be denied.

## **CONCLUSION**

In sum, the Court should view with skepticism the Amici here who propose that this Court must overrule its own precedent and create a new jurisdictional test to replace an existing formula which has neither proved unworkable nor problematic to apply. Because the proposed Amici have no real, tangible interest in the case and have not demonstrated any inherent insight or special knowledge into the issue at play here, and because Plaintiffs-Appellants here are more than adequately

represented by their six-lawyer team, Amici do not fit within the scope of Fed. R. App. P. 29, and Amici status should be denied.

## PRAYER FOR RELIEF

For the forgoing reasons, Amici's motion should be denied, and their brief stricken in its entirety.

Respectfully Submitted:

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

 /s/  Peter B. Tompkins
Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA  70139
Telephone: (504) 523-0400

And

Thomas M. Canevari (*pro hac vice*)
Eric J. Matheson (*pro hac vice*)
Cody D. King (*pro hac vice*)
FREEHILL, HOGAN & MAHAR LLP
80 Pine Street
New York, NY   10005-1759
Telephone: (212) 381-3017

*Attorneys for Nippon Yusen Kabushiki Kaisha*

## CERTIFICATE OF SERVICE

This certifies that on the 28th day of May 2021, a copy of the foregoing **OPPOSITION TO MOTION OF VICTIMS OF CUBAN CONFISCATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF REHEARING EN BANC** for Defendant-Appellee was electronically filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system and served by the Court's electronic filing system on the following:

Robert S. Peck, Esq.
Center for Constitutional Litigation, PC
2117 Leroy Place, NW
Washington, DC 20008-1848

Craig Isenberg
Laurence D. LeSuer, Jr.
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras Street, Suite 2350
New Orleans, LA 70112

David M. Schloss
Kasey K. Murray
Koonz McKenney Johnson & DePaolis, LLP
2001 Pennsylvania Ave., N.W., #450
Washington, DC 20006

Thomas Schoenbaum, JD, Ph.D.
1301 Spring Street, Apt. 30i
Seattle, WA 98104

Alan B. Morrison
George Washington University Law School
2000 H. Street NW
Washington, DC 20052

David A. Baron
Melvin White
Laina C. Lopez
Berliner Corcoran & Rowe LLP
1101 17th Street NW, Suite 1100
Washington, D.C. 20036

Richard W. Fields
Martin F. Cunniff
Edward Han
Fields PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006

    */s/ Peter B. Tompkins*
    Peter B. Tompkins
    Counsel for Nippon Yusen Kabushiki Kaisha

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a) because this brief contains 2,258 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

                                           */s/ Peter B. Tompkins*
                                           Peter B. Tompkins
                                           Counsel for Nippon Yusen Kabushiki Kaisha